UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUVIM ABDIUSHEV, an individual,<br>Plaintiff,<br>v.<br>PORSCHE CARS NORTH AMERICA, INC., a Delaware Corporation, and DOES 1-20, Inclusive,<br>Defendants. | No. 2:26-cv-02616-JAM-SCR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

This matter is before the Court on Plaintiff Ruvim Abdiushev's Motion to Remand. ECF No. 10-5, Plaintiff's Memorandum of Points and Authorities ("Mot."). Defendant Porsche Cars North America filed an opposition (ECF No. 12 ("Opp'n")); Plaintiff filed a reply (ECF No. 13 ("Reply")), which failed to comply with this Court's previous order regarding page limits. See ECF No. 5-2. For the reasons detailed below, Plaintiff's motion is denied.[1]

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g); see also ECF No. 16.

I. BACKGROUND

On June 11, 2026, Plaintiff initiated a lawsuit in Placer County Superior Court, arising out of his December 2025 purchase of a Porsche Macan ("Subject Vehicle"), which he claims is defective. See generally Mot. at 4; Opp'n. at 6. Plaintiff served Defendant on June 30, 2026, and on July 28, 2026, Defendant timely removed the matter to this Court, based on 28 U.S.C. §§ 1332, 1441, and 1446, alleging the parties were diverse and the amount in controversy exceeded $75,000. ECF No. 1. Specifically, Defendant alleged that Plaintiff is a California citizen and Defendant is incorporated in Delaware, with its principal place of business in Georgia. Id. at 2. Defendant also averred that "[t]he amount in controversy of $75,000.00 is met," taking into account civil penalties and attorneys' fees. Id. at 4.

At the outset of this case, the Court issued an Order regarding filing requirements. See ECF No. 5-2 (filed Jul. 29, 2026). Reply briefs are limited to 5 pages, and the parties were cautioned a violation "will result in monetary sanctions being imposed against counsel in the amount of $50.00 per page and the Court will not consider any arguments made past the page limit." Id. On September 18, 2026, Plaintiff filed a reply that was 8 pages long. See Reply. Plaintiff's counsel shall therefore pay sanctions in the amount of $150 ($50 per page over the page limit) to the Clerk of the Court no later than December 2, 2026.

II. OPINION

A. Legal Standard

Federal district courts have subject matter jurisdiction

over civil actions between parties with diverse citizenship where "the amount in controversy exceeds the sum of or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). Such an action may be removed to federal court under 28 U.S.C. § 1441(a). It is well-established that "[r]emoval statutes are strictly construed, and any doubt about the right of removal requires resolution in favor of remand. This rule of narrow construction both recognizes the limited jurisdiction of federal courts and protect[s] the jurisdiction of state courts." Casola v. Dexcom, Inc., 98 F.4th 947, 954 (9th Cir. 2024) (citing and quoting Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) and Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005)) (internal citations and quotations removed).

"The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Casola, 98 F.3d at 954 (quoting Moore-Thomas, 553 F.3d at 1244) (quotations removed). Indeed, when removal is challenged based on whether the amount in controversy exceeds $75,000, "'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold," unless it is clear from the face of the state court complaint. Urbino v. Orkin Services of California, Inc., 726 F.3d 1118, 1121-22 (9th Cir. 2013) (quoting Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). However, a plaintiff must not "prevent or delay removal by failing to reveal information showing removability" in the complaint. Roth v. CHA Hollywood Med. Ctr.,

L.P., 720 F.3d 1121, 1125 (9th Cir. 2013). The Ninth Circuit defines the "amount in controversy as the amount at stake in the underlying litigation, [that is,] any result of the litigation, excluding interests and costs, that entails a payment by the defendant. This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016) (citing and quoting Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005) and Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007) (internal quotations, citations, and brackets removed)).

In assessing whether the defendant has met its burden, a court "may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (citing Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)).

B. Analysis

Plaintiff contests jurisdiction by claiming that Defendant "failed to meet its burden of establishing that diversity of citizenship exists between the parties and that the amount in controversy exceeds the jurisdictional threshold of $75,000." See Mot. at 2. Plaintiff also submitted evidentiary objections to the Declaration provided by the Defendant. See ECF No. 10-2. The Court first addresses Plaintiff's evidentiary objections before turning to his jurisdictional arguments.

///

1. Evidentiary Objections

Defendant provided the Retail Installment Sale Contract ("RISC") for the Subject Vehicle, accompanied by a declaration of Adam Knighton. See ECF No. 1-2. Plaintiff objects to Paragraphs 1 and 3, arguing that the paragraphs are hearsay, call for speculation, lack foundation, and that Mr. Knighton lacks personal knowledge of the RISC. See generally ECF No. 10-2.

Plaintiff's objections are overruled, and the Court has considered the RISC for the proffered reasons. See discussion supra Section II.A (citing Chavez, 888 F.3d at 416 ("In assessing whether the defendant has met its burden, a court 'may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy.'")); Fed. R. Civ. P. 56(c)(4) ("[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must . . . set out facts that would be [but not necessarily are] admissible in evidence . . ."); see also Opp'n at 10.

2. Diversity of Citizenship

"To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiff claims "Defendant has failed to meet its burden of establishing that diversity of citizenship exists between the

parties," because Defendant's allegations are "insufficient to plausibly allege Plaintiff's citizenship and domicile." Mot. at 2-6. Defendant argues that Plaintiff is a California citizen, providing the Court with Plaintiff's Complaint and the RISC in support of its position. ECF No. 1 at 2; Opp'n at 12. In doing so, Defendant provides evidence that shifts the burden of production to Plaintiff to come forward with evidence to rebut that his permanent home is in California for the purposes of diversity. See Opp'n at 4-5 (citing Lew v. Moss, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that a shift in the "burden of production has the sole effect of forcing the opponent of the presumption to produce enough evidence to avoid a directed verdict")); Roth, 720 F.3d at 1125. However, Plaintiff has failed to produce any evidence to carry his burden; instead, he contends that Defendant's evidence merely indicates residence, which is insufficient because "an individual is not necessarily domiciled where he or she resides." Mot. at 6.

It follows that the only evidence before the Court is Plaintiff's own allegations in his complaint, verified by Plaintiff's counsel as an officer of the Court, that Plaintiff "is, and at all relevant times was, an individual residing in the County of Sacramento, State of California," coupled with the RISC, which lists Plaintiff's address in Sacramento. See ECF No. 10-4, Exh. A ("Compl."). Because the Court finds that Plaintiff's listed address on the RISC is persuasive evidence of domicile, and Plaintiff has not represented that he is a citizen of any other state nor that he has any intent to leave the state, Plaintiff is a citizen of California for the purposes of this

motion. See Lew, 797 F.2d at 750 (noting that current residence, location of property, driver's license and automobile registration, and payment of taxes are factors relevant to the "essentially factual" determination of domicile) (internal citation and quotations omitted); Kanter, 265 F.3d at 857.

In addition, there is no dispute as to Defendant's citizenship. Plaintiff's Complaint alleges Defendant is a Delaware Corporation and Defendant corroborates this allegation, pleading that it "was and still is a corporation organized under the laws of the State of Delaware" and that "its principal place of business [is] in Georgia." Compl. ¶ 2; ECF No. 1 at 2. Accordingly, Defendant has carried its burden of establishing by a preponderance of the evidence that complete diversity exists between the parties: Defendant is a citizen of Delaware and Georgia, while Plaintiff is a citizen of California. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated."). Taken together, the parties here are completely diverse. 28 U.S.C. § 1332(a)(1).

3. Amount in Controversy

Plaintiff also contests jurisdiction by claiming Defendant did not meet its burden of establishing that the amount in controversy exceeds $75,000. See generally Mot.

Defendant argues that "Plaintiff's own Complaint independently satisfies the jurisdictional threshold," and that this threshold can "further, and independently, [be] confirmed by the [RISC]." Opp'n at 6-9. According to Plaintiff's Complaint,

he seeks the following damages under the Song-Beverly Act: (1) "general, special and actual damages;" (2) "recission of the contract and restitution of all monies expended;" (3) "incidental and consequential damages;" (4) "civil penalty in the amount of two times Plaintiff's actual damages;" and (5) "attorneys' fees." See Compl. pg. 11.

At the outset, the Court finds "Plaintiff's own Complaint independently satisfies the jurisdictional threshold," because Plaintiff seeks "restitution of the amount actually paid or payable under the Contract," which Defendant established was $120,720.56 under the RISC. Opp'n at 5-6; Compl. ¶ 39; ECF No. 1-2. As for civil penalties under the Song-Beverly Act, Plaintiff seeks "two times Plaintiff's actual damages," meaning, Plaintiff seeks nearly $370,000 in damages with the addition of the contract price from the RISC and the inclusion of the civil penalty. This number well exceeds the requisite $75,000 jurisdictional threshold, without considering attorneys' fees or other damages the Court may consider in making this determination. Further, this amount is uncontroverted because Plaintiff did not provide any alternative proposal or evidence for the Court to consider in calculating the amount in controversy. See Gonzales, 840 F.3d at 648-49 (citations and quotations omitted); accord Carrington Stonemasons, Inc. v. Ford Motor Company, No. 24-cv-00080, 2024 WL 1745038 at *3 (N.D. Cal Apr. 22, 2024) ("Because [Plaintiff] has not filed a reply, [Defendant]'s calculation of the use offset and actual damages is undisputed."). Based on the evidence before the Court, Defendant has met its burden establishing by a preponderance the amount in

controversy exceeds $75,000.

## III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand. Plaintiff's counsel shall pay sanctions in the amount of $150 to the Clerk of the Court no later than December 2, 2026.

IT IS SO ORDERED.

Dated: November 17, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE